# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA**

vs.  Case No. 8:10-CR-217-T-27AEP

**LEON J. WOOD**

_____/

## ORDER

**BEFORE THE COURT** is Defendant's *pro se* Motion for Elderly Offender Home Detention Pursuant to Section 603 of the First Step Act of 2018 (Dkt. 441). The United States has not responded and the time to do so has expired. The Federal Defender was appointed to represent Defendant on March 26, 2019 but has taken no action (Dkt. 442).[1] Upon consideration, Defendant's *pro se* Motion for Elderly Offender Home Detention Pursuant to Section 603 of the First Step Act of 2018 (Dkt. 441) is **DENIED**.[2]

Section 603 of the First Step Act of 2018 modifies 34 U.S.C. § 60541(g)(1) to institute an elderly offender release program to be administered by the Attorney General, in which eligible elderly offenders may be released to home detention until the expiration of their sentence, on written request of either the Bureau of Prisons or an eligible elderly offender. As to the placement of elderly

---

[1] The United States Probation Office submitted a Memorandum recommending that Defendant is not eligible for a sentence reduction under the First Step Act because his offense of conviction is not a "covered offense" as defined by Section 404 of the First Step Act. But Defendant seeks relief under Section 603, not Section 404. Whether his offense of conviction is a 'covered offense" is immaterial to the relief he requests.

[2] In a thorough and well reasoned decision, the district court in the Middle District of Alabama has addressed a similar request, albeit in the context of a motion filed under 28 U.S.C. § 2241. *See de Jesus v. Woods*, No. 2:19-CV-121-WHA, 2019 WL 3326199, at *3-5 (M.D. Ala. June 21, 2019), report and recommendation adopted, No. 2:19-CV-121-WHA, 2019 WL 3323736 (M.D. Ala. July 24, 2019).

inmates on home confinement, the First Step Act, 34 U.S.C. § 60541(g)(5)(A), provides:

> The term "eligible elderly offender" means an offender in the custody of the Bureau of Prisons –
>
> (i) who is not less than 60 years of age;
>
> (ii) who is serving a term of imprisonment that is not life imprisonment based on [certain identified offenses] and has served 2/3 of the term of imprisonment to which the offender was sentenced;
>
> (iii) who has not been convicted in the past of any Federal or State crime of violence, sex offense, or other offense described in clause (ii);
>
> (iv) who has not been determined by the Bureau of Prisons, on the basis of information the Bureau uses to make custody classifications, and in the sole discretion of the Bureau, to have a history of violence, or of engaging in conduct constituting a sex offense or other offense described in clause (ii);
>
> (v) who has not escaped, or attempted to escape, from a Bureau of Prisons institution;
>
> (vi) with respect to whom the Bureau of Prisons has determined that release to home detention under this section will result in a substantial net reduction to the Federal Government; and
>
> (vii) who has been determined by the Bureau of Prisons to be at no substantial risk of engaging in criminal conduct or endangering any person or the public if released to home detention.

Under the First Step Act, as amended, the Attorney General, and by delegation the BOP, has exclusive authority to designate the place of an inmate's confinement. *See Parsons v. Howard*, 2019 WL 469913, at *2 (M.D. Pa., February 6, 2019). Accordingly, the BOP has the exclusive discretion to release an elderly offender to home confinement, and this court lacks authority to order Defendant's release under Section 603.

Even if this court has jurisdiction to review the BOP's decision on placement, Defendant fails to demonstrate that he has made a written request to the BOP for release as an elderly offender, or that the BOP has acted on such a request. He has not, therefore, demonstrated that he has exhausted

administrative remedies in the BOP. A federal prisoner seeking review of BOP action must first exhaust available administrative remedies. *See Davis v. Warden*, *FCC Coleman-USP*, 661 F. App'x 561, 562 (11th Cir. 2016) (citing *Santiago–Lugo v. Warden*, 785 F.3d 467, 474-75 (11th Cir. 2015)).

**DONE AND ORDERED** this 19th day of August, 2019.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record, U.S. Probation Office